IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT, IN AND
FOR LEE COUNTY, FLORIDA                    CIVIL DIVISION

MIROMAR OUTLET EAST, LLC, a Florida
limited liability company,

        Plaintiff,

Case No.: _____

vs.

Pacific Sunwear Stores, LLC, a California
limited liability company,

        Defendants.

## COMPLAINT

Plaintiff, Miromar Outlet East, LLC ("Plaintiff") through its undersigned counsel, files the following Complaint against Pacific Sunwear Stores, LLC, a California limited liability company ("Defendant"), averring as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is, and at all material times has been, a limited liability company organized and existing in accordance with the laws of the State of Florida, and maintains its principal place of business in Lee County, Florida. Plaintiff owns certain real property located at 10801 Corkscrew Road, Estero, Lee County Florida 33928 (the "Premises").

2. Defendant is a limited liability company organized and existing in accordance with the laws of the State of California. At all material times herein, Defendant was operating, engaging and carrying its business in Lee County, Florida.

3. The parties agreed that any dispute arising from the Lease Agreement (as defined herein) shall be construed and interpreted in accordance with the laws of the State of Florida.

4. Venue in action is proper in Lee County pursuant to Section 47.011, Florida

1

Statutes, because the cause of action accrued in Lee County and it is the Premises is located.

## GENERAL ALLEGATIONS

5.  Plaintiff and Defendant are parties to that certain Lease Agreement dated January 17, 2006, as amended on August 25, 2016 and January 18, 2018 (collectively the "Lease Agreement").[1] A true and correct copy of the Lease Agreement, as amended, is attached hereto as Exhibit A and incorporated herein.

6.  Pursuant to the Lease Agreement, Defendant was a tenant of Plaintiff for commercial (non-residential) purposes at the Premises.

7.  Defendant failed to satisfy its payment obligations under the terms of the Lease Agreement for the payment of Annual Base Rent, Percentage Rent, Operating Expenses, Real Property Taxes, Insurance and Marketing.

8.  On or about February 1, 2018, Defendant abandoned the Premises in its entirety.

9.  Following Defendant's abandonment of its leased space at the Premises, Plaintiff actively endeavored to mitigate its damages and re-let such leased space to a new tenant as of September 1, 2018.

10. Prior to the commencement of this action, Plaintiff provided written notice to Defendant of its damages and costs incurred by Plaintiff as the direct result of Defendant's material breach and default of the Lease Agreement, and subsequent abandonment of the Premises.

11. Plaintiff has performed all obligations and conditions precedent pursuant to the Lease Agreement prior to the commencement of this action, or all such obligations or conditions precedent have been waived.

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Lease Agreement.

12. Plaintiff has engaged the undersigned counsel for legal representation in this cause of action and has agreed to pay a reasonable legal fee for such services, for which Defendant is now responsible pursuant to the terms of the Lease Agreement.

## COUNT I (BREACH OF CONTRACT)

13. Plaintiff re-alleges and incorporates paragraph 1 through 12.

14. The Lease Agreement is a valid and enforceable contract between Plaintiff and Defendant.

15. Defendant materially breached and defaulted on its obligations under the Lease Agreement.

16. Following its Defendant has failed and/or refused to make all payments due pursuant to the terms of the Lease Agreement.

17. As a result of Defendant's material breach, default and abandonment of the Premises pursuant to the terms of the Lease Agreement, Plaintiff has suffered monetary damages in an amount no less than $130,824.12 through August 31, 2018.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

a. That Plaintiff recover damages from Defendant to the fullest extent afforded pursuant to the terms of the Lease Agreement, in an amount no less than $130,824.12;
b. That Plaintiff recover prejudgment interest from Defendant;
c. That Plaintiff recover its attorneys' fees from Defendant as provided for pursuant to the Lease;
d. That Plaintiff recover its costs from Defendant as provided for pursuant to the Lease; and
e. That Plaintiff recover such other and further relief as the Court deems just and proper.

Respectfully submitted,

LEECH TISHMAN FUSCALDO &
LAMPL, LLC.

Dated: March 8, 2019

By: /s/ *Ted Tishman*
Ted Tishman (FL Bar No. 322822)
Patrick W. Carothers (PA I.D. 85721)
Gregory W. Hauswirth (PA I.D. 307482)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
Telephone: 412.304.0155
Facsimile: 412.227.5551
ttishman@leechtishman.com
pcarothers@leechtishman.com
ghauswirth@leechtishman.com

*Attorneys for Plaintiff*